IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRYAN BEHRENS, | ) | 8:13CV17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHASE HOME FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Motion to Reopen, which the court liberally construes as a Motion for Relief pursuant to Fed. R. Civ. P. 59(e). (Filing No. 23.)  For the reasons discussed below, the Motion is denied.

On June 3, 2013, the court dismissed the matter because Plaintiff failed to comply with this court's orders and pay the court-ordered initial partial filing fee. (Filing Nos. 21 and 22.) On June 14, 2013, Plaintiff filed a Motion to Reopen. (Filing No. 23.) In his Motion, Plaintiff seeks to set aside the court's June 3, 2013, Order and Judgment under Fed. R. Civ. P. 59(e). (*Id*.) Defendant has filed a Brief in Opposition. (Filing No. 24.)

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted).

The court has carefully reviewed Plaintiff's Motion and finds that he is not entitled to relief under Rule 59(e).  Plaintiff argues he has no control of the money paid to the court and offers a copy of his account statement showing an "Initial PLRA

Pymt" of $18.73 on April 17, 2013. (Filing No. 23 at CM/ECF pp. 1-2.) However, Plaintiff had two court-ordered initial partial filing fees of $18.73 pending on April 17, 2013. (*See* Filing No. 17; Case No. 8:13CV72, Filing No. 13.) Plaintiff's "Initial PLRA Pymt" of $18.73 was applied to Case No. 8:13CV72 (*see* Docket Sheet, Case No. 8:13CV72), and Plaintiff has not shown, nor does the record show, that he authorized his institution to collect any initial partial payment for this matter. Moreover, on April 18, 2013, the court gave Plaintiff additional time to pay his initial partial filing fee in this matter and he failed to do so. (Filing No. 17; *see also* Docket Sheet.) Pro se litigants are not excused from complying with court orders. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x. 496, 497 (8th Cir. 2008) (concluding district court did not clearly err in dismissing case where pro se plaintiff failed to prosecute her case and failed to comply with court orders). Accordingly,

IT IS THEREFORE ORDERED that: Plaintiff's Motion to Reopen (filing no. 23) is denied.

DATED this 9th day of July, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.